DIXON, Judge.
This is a workman’s compensation case in which the only question on appeal is whether the plaintiff suffered a hernia in the course and scope of his employment.
Plaintiff, Sherman Tolbert, was employed as a laborer for the defendant lumber company. His job required him to remove lumber from a conveyor chain. On August 10, 1967 the plaintiff was informed that the mill would be shut down for repairs for the next two days. When the mill reopened, the plaintiff wrote his foreman that he would be delayed in returning to work because of personal affairs. On August 29, 1967 plaintiff returned to work but was informed that there was a company policy that required employees who had been absent from work for that length of time to have another physical examination before reemployment. The physical examination revealed a hernia which had not been present when plaintiff was first employed by the defendant in October of 1966.
There was judgment in the trial court rejecting the demands of the plaintiff.
On the trial of the case, plaintiff testified that in July of 1967, when he was pulling two 2 x 4s from the conveyor chain, he felt a stinging pain in his right side. Plaintiff testified that he had to quit for two or three minutes and stand back, and then returned to work. When he resumed, he said he “couldn’t work as fast,” but was “able to keep up with the job.”
Although aware of the company rule requiring that an injured person report his injury, plaintiff made no report; he said he did not think the injury amounted to anything serious. Plaintiff said that he complained to some of his fellow workers. The only fellow employee who supported plaintiff’s testimony was one who had been discharged before the trial for not working. The only person who is supposed to have seen plaintiff’s injury was his wife. She testified that she observed a small knot on his side. Plaintiff testified that the knot subsided in the morning.
The testimony of the plaintiff and his two witnesses was refuted by his personnel manager, his foreman, and his fellow workers, some of whom rode to work with him every morning. All testified that they knew of no injury, no pain, and no disability on the part of the plaintiff until after he had been examined upon his application for reemployment.
The trial judge heard and saw the witnesses; his written opinion demonstrates a careful consideration of the evidence. We agree with his conclusion that the plaintiff’s hernia was not the result of an accident on the job.
The judgment appealed from is affirmed at the cost of the plaintiff-appellant.